IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| MICHAEL L. MOORE, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 3:11CV382–HEH |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION
(Denying Motion for Reconsideration)

By Memorandum Order entered on June 14, 2011, the Court conditionally docketed Plaintiff's Motion for Return of Seized Property as a new civil action. At that time, the Court directed Plaintiff to return his *in forma pauperis* affidavit and affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. The Court warned Plaintiff that a failure to comply with either of the above directives within thirty (30) days of the date of entry thereof would result in summary dismissal of the action.

Plaintiff did not comply with the June 14, 2011 Memorandum Order. Specifically, Plaintiff failed to return the consent to collection of fees form. As a result, he did not qualify for *in forma pauperis* status. Accordingly, by Memorandum Order signed on July 26, 2011, the Court dismissed the action without prejudice.

On August 11, 2011, the Court received from Plaintiff an "OBJECTION" to the July 26, 2011 Memorandum Order. (Dk. No. 7.) The Court construed this document as a Motion

to Alter or Amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e). In the motion, Plaintiff asserted that he mailed the forms to the Court by delivering them to the prison staff. Contrary to Plaintiff's assertion, however, he never provided the Court with a consent to collection of fees form.[1] Thus, the Court denied this motion (Dk. No. 7) by Memorandum Opinion and Order on August 25, 2011. (Dk. Nos. 8, 9.)

On August 29, 2011, Plaintiff filed this Motion for Reconsideration (Dk. No. 10) arguing the same points that he presented in his motion of August 11, 2011. This issue is moot and thus the Motion for Reconsideration will be DENIED.

Plaintiff is again advised that if he wishes to proceed against the United States to obtain his seized property, he may file a new Motion for Return of Seized Property which will receive a new civil action number from the Court.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
United States District Judge

Date: Nov 1, 2011
Richmond, Virginia

---

[1] The Court received Plaintiff's motion to proceed *in forma pauperis* and his prisoner trust fund account statement. (Dk. Nos. 3, 5.) At no time, however, has the Court received Plaintiff's consent to collection of fees form. The cover letter accompanying Plaintiff's motion to proceed *in forma pauperis* made clear that he only enclosed that motion and a copy of his trust fund account. It did not indicate that the consent to collection of fees form was also enclosed. (Dk. No. 3.) The Court *again* notes that Plaintiff may remedy this situation by refiling his original motion as a new civil action, then request *in forma pauperis* status in the new case *making sure to include the consent form* along with his *in forma pauperis* motion and trust fund statement.